

'08 CIV 4571

Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY
a/s/o BLACK AND WRITE, INC.

          Plaintiff,

   - against -

M/V MSC NATAL, her engines, boilers, tackle,
apparel, etc., *in rem*; MEDITERRANEAN SHIPPING
COMPANY and ALISPED USA, INC., *in personam*,

          Defendants.
------------------------------------------------------------X



      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, FIREMAN'S FUND INSURANCE COMPANY (hereinafter "FFIC" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1 Chase Manhattan Plaza, 37th Floor, New York, New York 10005 and is the subrogated underwriter of a consignment of notebooks laden on board the M/V MSC NATAL, as more fully described below.

3. At all material times, BLACK AND WRITE, INC. (hereinafter "B&W") was and is a business entity organized and existing by virtue of the laws of the State of New York with an office and place of business located at 511 Avenue of the Americas, Suite 10, New York, New York 10011 and was the consignee, owner and/or assured of the consignment hereinbelow described.

4. At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY (hereinafter "MSC") was and is a foreign corporation with an office and place of business located at 420 Fifth Avenue, 8th Floor, New York, New York 10018 and owns, operates, manages and/or charters ocean-going vessels, including the M/V MSC NATAL (hereinafter "vessel"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V MSC NATAL, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. At all material times, defendant, ALISPED USA, INC. (hereinafter "Alisped") was and is a business entity organized and existing by virtue of the laws of the State of New York with a place of business located at 248-29 Brookville Road, 2nd Floor, Rosedale, New York 11422 and at all relevant times was and is doing business in this jurisdiction as a non-vessel owning common carrier (nvocc).

6. At all material times, the M/V MSC NATAL was and is an oceangoing vessel built in 1996, that is flagged in Liberia and engages in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

7. On or about May 19, 2007, a consignment consisting of 918 cartons of notebooks laden into container number CRXU258600/7, then being in good order and condition, was delivered to defendants MSC, Alisped, and the M/V MSC NATAL at the port of La Spezia, Italy for transportation to New York, New York, U.S.A., in consideration of an agreed freight pursuant to MSC bill of lading number MSCUS5884495 and Alisped bill of lading number 097500605 dated May 19, 2007.

8. Thereafter, the aforementioned consignment was loaded aboard the M/V MSC NATAL, MSC bill of lading number MSCUS5884495 and Alisped bill of lading number 097500605 were issued, and the vessel sailed for the intended port of destination.

9. On or about June 2, 2007 the consignment arrived at the port of New York, New York, U.S.A.

10. Upon discharge it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead had suffered physical damage during transit due to exposure to water.

11. The damage to the aforementioned cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage and bailment on the part of the defendant.

12. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $22,000.00

13. At all times relevant hereto, a contract of insurance for property damage was in effect between B&W and FFIC, which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between B&W and FFIC, monies have been expended on behalf of B&W to the detriment of FFIC due to the damages sustained during transit.

15. As FFIC has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, FFIC has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

16. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

17. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

18. Plaintiff has a maritime lien against the M/V MSC NATAL for the damages referred to herein and will enforce that lien in these proceedings.

19. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the M/V MSC NATAL, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. The M/V MSC NATAL, her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3. The Court order, adjudge and decree that defendants MEDITERRANEAN SHIPPING COMPANY, ALISPED USA, INC. and the M/V MSC NATAL be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

4. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 16, 2008
       299-690

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff


                                    By: _____
                                        Martin F. Casey (MFC-1415)
                                        317 Madison Avenue, 21st Floor
                                        New York, New York 10017
                                        (212) 286-0225